## BLANC v. CAYO.
### No. 9588.

Circuit Court of Appeals, Sixth Circuit.

Dec. 16, 1943.

Gordon F. Hook, of Chicago, Ill. (Gordon F. Hook and James P. Hume, both of Chicago, Ill., on the brief), for appellant.

Otis A. Earl, of Kalamazoo, Mich., for appellee.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

The appellant brought suit in the District Court for Western Michigan, charging infringement by appellee of his Patent No. 2069871 and of his Reissue Patent No. 22113.

Upon the trial in the District Court, many exhibits were received in evidence and the testimony of the appellant inventor and other experts in the field of litigation was adduced. The District Judge, upon most painstaking and elucidating findings of fact, concluded that all controverted claims, namely, 4, 5, 7, 8, 9, 10 and 11, of the Reissue Patent No. 22113 are invalid for lack of invention over the prior art, and also that appellee's machine does not infringe any of these claims.

The District Court held, further, that the appellee's cutter blades, constituting Exhibits A, S, T and V, infringed none of the six claims of Patent No. 2069871.

Accordingly, the temporary injunction previously entered was dissolved and the bill of complaint was dismissed.

The findings of fact of the District Court from which its conclusions were drawn are supported by ample evidence and are certainly not clearly erroneous. The finding and conclusion of the court, however, that Claim 4 of the Reissue Patent No. 22113 is invalid for lack of invention over the prior art is held erroneous as in contravention of the decision of this court in Blanc v. Curtis, 119 F.2d 395, wherein this same claim in Patent No. 2111527, rewritten into the Reissue Patent No. 22113, was held to be valid but not infringed.

Appellee's machine is well described in Finding of Fact No. 10, and its differentiation from the arrangement and functioning of parts in the disclosure of the patent in suit is clearly pointed out in Findings Nos. 11 and 17. The District Court, therefore, correctly concluded that none of the claims of the Reissue Patent No. 22113 read upon the accused machine of the appellee. In view of this conclusion, it is deemed unnecessary to consider the validity of Claims 5, 7, 8, 9, 10 and 11 of the Reissue Patent No. 22113, or to refer to or discuss the prior art.

The cutter blades in the structure disclosed in Patent No. 2069871 are accurately described in Finding No. 21; the cutter blades in appellee's structure are correctly described in Finding No. 22; and the differentiation in the respective cutter

blades appears from these descriptions, as well as from the statements of the District Court in Finding No. 23.

The conclusion reached by the District Court that none of the six claims of the cutter blades in suit are infringed by the cutter blades of appellee's structure was obviously correct.

Accordingly, the decree of the District Court dissolving the temporary injunction and dismissing the complaint is affirmed, on the predicate of non-infringement by the appellee of any of the claims in suit, in either Reissue Patent No. 22113 or Patent No. 2069871.